IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MARK TULOWIECKI | § | |
| v. | § | CIVIL ACTION NO. 2:12CV731 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION OF THE
UNITED STATES DISTRICT COURT**

On November 21, 2012, Plaintiff initiated this civil action pursuant to the Social Security Act (The Act), Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits.

**I.    HISTORY**

On October 15, 2010, Plaintiff filed a Title II application, alleging a disability with an onset date of October 20, 2009. *See* Transcript ("Tr.") at 10 (Administrative Law Judge (ALJ) decision). The claim was denied initially and denied again on reconsideration. *Id*. The Plaintiff sought review of the denial. An administrative hearing was conducted before the ALJ on August 31, 2011. *See* Tr. at 33 (hearing transcript). Plaintiff appeared and testified, represented by counsel. In addition, a vocational expert ("VE"), Charles Smith, also testified. No medical expert was called to testify.

The ALJ issued an unfavorable decision on September 21, 2011. Plaintiff sought review. On September 24, 2012, the Appeals Council denied review. *See* Tr. at 1. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Plaintiff then filed the instant action for review by this Court.

## II. STANDARD

Title II of the Act provides for federal disability insurance benefits. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (per curiam); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam).

A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (per curiam); *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (per curiam). Accordingly, the Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner]'s, even if the evidence preponderates against the [Commissioner]'s decision." *Bowling*, 36 F.3d at 434; *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam); *see Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d at 360; *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990); *Anthony*, 954 F.2d 289, 295 (5th Cir. 1992); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000); SSR 96-5p.

"Substantial evidence is more than a scintilla but less than a preponderance – that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 Fed. Appx. 382, 383 (5th Cir.2003); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir.1994). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of

examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d at 1302, n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson*, 402 U.S. at 390, 91 S.Ct. at 1422. The Court, however, must do more than "rubber stamp" the ALJ's decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook*, 750 F.2d 391, 393 (5th Cir. 1985).

A claimant for disability has the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(I)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

In order to determine whether a claimant is disabled, the Commissioner must utilize a five-step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see Bowling*, 36 F.3d at 435; *Harrel*, 862 F.2d at 475. Under the five-step sequential analysis, the Commissioner must determine at Step One whether the claimant is currently engaged in substantial gainful activity. At Step Two, the Commissioner must determine whether one or more of the claimant's impairments are severe. At Step Three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. Prior to moving to Step Four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his

impairments, both severe and non-severe. Then, at Step Four, the Commissioner must determine whether the claimant is capable of performing his past relevant work.

Finally, at Step Five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. § 416.920(a). An affirmative answer at Step One or a negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id.* The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989) (per curiam).

To obtain Title II disability benefits, Plaintiff must show that he was disabled on or before the last day of his insured status. *Ware v. Schweiker*, 651 F.2d 408, 411 (5th Cir.1981), *cert. denied*, 455 U.S. 912 (1982).

**III.    ADMINISTRATIVE LAW JUDGE'S FINDINGS**

The ALJ made the following findings in the September 21, 2011 decision:

The claimant meets the insured status requirement of the Social Security Act through December 31, 2013.

The claimant has not engaged in substantial gainful activity since October 20, 2009, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.).

The claimant has the following severe impairments: Spondylosis, Myalgia, and Myositis (20 C.F.R. § 404.1520[c]).

The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.15209d), 404.1525, 404.1526).

The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except he is limited to occasional bending, stooping or crouching and no squatting, crawling, kneeling, or climbing.

The claimant is unable to perform any past relevant work (20 CFR § 404.1565).

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. (20 C.F.R. part 404, Subpart P, Appendix 2).

The claimant has not been under a disability, as defined in the Social Security Act, from October 20, 2009, through the date of this decision (20 C.F.R. § 404.1520(g)). *See* Tr. at 17.

The ALJ determined that Plaintiff was not disabled under §1614 (a)(3)A) of the Social Security Act. *See* Tr. at 17.

## IV. DISCUSSION AND ANALYSIS

Plaintiff was born on March 29, 1960. *See* Tr. at 15. He was forty-nine years old on his alleged onset date. *See Id*. He attended high school through the 11th grade and obtained a GED later in life. *See* Tr. at 39. He also obtained vocational training in air conditioning systems. *See* Tr. at 39. His past relevant work experience was as a maintenance man, clerk and salesman. *See* Tr. at 15.

Plaintiff asserts that he cannot work because he suffers from lumbosacral spondylosis, cervical disc degeneration, joint pain, lumbago, myalgia, myositis, hypertension, hyperlipidemia, gastroesophageal reflux disease ("GERD"), and depression. The ALJ found that Plaintiff's severe impairments are Spondylosis, Myalgia, and Myositis. *See* Tr. at 12.

Plaintiff presents the following issue for review:

Whether substantial evidence and relevant legal standards support the Administrative Law Judge's (ALJ's) residual functional capacity assessment.

*See* Plaintiff's Brief (Pl.'s Br.) at 1.

### A. The Medical Evidence

Plaintiff has a longstanding history of injury to his lumbar spine with associated chronic pain; exacerbated by motor vehicle accidents in 2001 and 2010. *See* Tr. at 233, 362-366, 370-371, 392-393, 477. His condition has deteriorated, with increased frequency with which he has presented to the

5

emergency department. Since 2009, Plaintiff has sought emergency treatment for back and neck pain on five occasions. *See* Tr. at 207-210, 211-214, 215-218, 222-225, 335-338. In October 2008, Plaintiff began treatment at the Affordable Healthcare Clinic in Waskom, Texas and seen by Kenneth Volk, Richard Goodrich, and Carson Holtzclaw, certified physician's assistants ("PA-C"), under the supervision of Dr. Marian Querry. *See* Tr. at 229.

Between October 2008 and July 2011, Plaintiff presented to the clinic on approximately 50 occasions and complained of back pain. *See* Tr. at 29, 233, 237, 241, 245, 249, 253, 257, 261, 265, 269, 273, 277, 281, 285, 289, 293, 297, 301, 305, 309, 313, 317, 321, 325, 329, 406, 410, 414, 418, 422, 426, 430, 434, 443, 457, 451, 455, 459, 463, 467, 471, 475, 479, 483, 487, 491, 495. Findings on examination included iliosacral pain with deep palpation; perispinal pain with deep palpation; limited range of motion on flexion, rotation, and lateral bending secondary to pain; and lumbar and thoracic radiculopathy. He was diagnosed with lumbosacral spondylosis, cervical disc degeneration, joint pain, lumbago, myalgia, myositis, hypertension, hyperlipidemia, and GERD, and prescribed Lortab, Darvocet, Norco, Flexeril, and Indocin for pain, muscle spasm, and inflammation. *See* Tr. at *Id*.

Plaintiff was examined by Dr. Rhesa Sanni-Thomas; who described "boggy" and "ropy" thoracic paraspinal muscles with paraspinal muscle hypertrophy. *See* Tr. at 346, 348. Dr. Sanni-Thomas diagnosed Plaintiff with muscle spasms, thoracic spine pain, and low back strain. In September 2010, x-rays of the lumbosacral spine confirmed mild spondylosis at L3/4 as well as facet degenerative changes at L4/5 and L5/S1. *See Id.*. A follow-up MRI revealed mild to moderate left neural foraminal stenosis at L3/4 and L4/5 due to foraminal disc protrusion; minimal disc bulge at

L2/3; annular fissure within the protruding disc at L3/4; and mild facet degenerative changes at L5/S1. *Id*.

*Hearing Testimony*

Plaintiff testified at the hearing regarding his medical issues and the treatment he had sought for his back issues. Plaintiff experiences pain if he sits or stands for too long during the day. *See* Tr. at 43-45. Plaintiff testified that his back pain had worsened over the years. Plaintiff also testified that the medication he took to alleviate the pain from his symptoms had side effects. *See* Tr. at 52. The side effects include extreme drowsiness, feeling "loopy" or "hazy" and difficulty in concentrating. *Id*.

During the hearing, the ALJ asked several questions of the VE regarding Plaintiff's employment prospects. The VE was not asked, however, about physical limitations that Plaintiff faced as a result of his impairments which were found to be severe by the ALJ. The only question that referred to Plaintiff's physical limitations was a query about missing work due to illness. The VE testified that, if an individual were to miss two days of work per month, that would eliminate all jobs. *See* Tr. at 63.

**B.     The ALJ's Step Five Analysis**

"To determine whether a claimant is disabled, the Commissioner must utilize a five-step, sequential process." *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Prior to moving to Step Four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non-severe. 20 C.F.R. §§ 416.920(b)-(f). The RFC is the most a claimant can do in a work setting despite any limitations that claimant may have. 20 C.F.R. § 416.945(a)(1). When determining a claimant's RFC, the ALJ must consider all medically determinable impairments of which he is aware, including those that are not

"severe". 20 C.F.R. § 416.945(a)(2); *see also* 20 C.F.R. §§ 416.920[c]), 416.921, and 416.923. The ALJ must make clear factual findings on this issue for his decision to stand. *See Abshire v. Bowen*, 848 F.2d 638, 641 (5th Cir. 1988).

The ALJ ultimately determined that the medical evidence did not substantiate Plaintiff's allegations of disability. *See* Tr. at 17. The ALJ concluded, at Step Five of the sequential evaluation process, that Plaintiff was not disabled because he could perform jobs that existed in significant numbers in the national economy. *See* Tr. at 16-17, Finding 10; *see also* 20 C.F.R. § 404.1520(a)(4)(v). Plaintiff argues that the ALJ erred in the Step Five finding.

Plaintiff argues that the Commissioner did not meet its burden of proof to establish that a significant number of jobs exist that Plaintiff could still perform, and contends that the ALJ could not properly rely on the vocational expert's testimony because the questions posed to the VE did not contain limitations occasioned by his severe impairments. *Pl. Br.* at 14. The Plaintiff contends that the Commissioner failed to establish the existence of other work, in significant numbers, which he can perform when considering his residual functional capacity, even as found to exist by the ALJ. The Plaintiff argues that the decision of the Commissioner is therefore not supported by substantial evidence.

In determining whether a claimant can perform alternative, available work, the Commissioner may rely on a vocational expert and/or the *DOT* to satisfy her burden of proof at Step Five. 20 C.F.R. § 404.1566(d)-(e); *Carey*, 230 F.3d at 145. The Commissioner often utilizes vocational experts because of their knowledge of specific job requirements and working conditions. *See Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). In this case, the ALJ relied on the VE testimony to determine that Plaintiff could perform other work and was therefore not disabled.

### C. Application of Law to the Present Case

Regulations define a severe impairment as "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c)). The Fifth Circuit has held that an impairment is not severe "only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).) The corollary of *Stone* is that, when an ALJ has determined that an impairment is severe at Step Two, he has found that the impairment limits or potentially limits the claimant's ability to work. *See* also *Allsbury v. Barnhart*, 460 F. Supp. 2d 717, 727 (E.D. Tex. 2006)(the ALJ could not have found that plaintiff's nonexertional mental impairments do not significantly affect her residual functional capacity); *see* also 20 C.F.R. § 404.1520(c) (2005). An ALJ cannot find that any severe mental impairment does not significantly affect RFC. *Id.*; 20 C.F.R. § 404.1520(c)(2005).

The ALJ's determination that, while Plaintiff cannot perform any past relevant work, there is other work he can perform, is not supported by substantial evidence. The questions posed by the ALJ to the VE did not reference the limitations caused by Plaintiff's severe impairments. The Fifth Circuit has held that questions posed to the VE must precisely set out a claimant's individual physical and mental impairments, including pain and non-exertional impairments. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Thus, a vocational expert's answers to hypotheticals which fail to take into account all of a claimant's limitations cannot constitute substantial evidence that the claimant is not entitled to benefits. *Boyd v. Apfel* 239 F.3d 698, 707 (5th Cir. 2001). The Commissioner can only disregard impairments for which substantial evidence supports his conclusion that claimant does not suffer from

9

those impairments. *See Sms v. Apfel*, 224 F.3d 380, 381 (5th Cir. 2000); *Dominque v. Barnhart*, 388 F.3d 462, 463 (5th Cir. 2004).

Here, the ALJ failed to set out precisely Plaintiff's impairments in his questions to the VE and failed to include the side effects of his medications. *See* Tr. at 59-63. The VE did confirm that none of the positions he listed would allow an employee to miss more than a two days of work per month. *See* Tr. at 63.

Despite evidence in the record that Plaintiff experiences debilitating pain and cannot sit or stand for extended periods of time and that Plaintiff relies on prescription medication for pain relief, the ALJ impermissibly disregarded or discounted Plaintiff's own testimony and the medical evidence in the record and instead impermissibly relied on her own medical opinions to determine that there exist in the national economy jobs that the Plaintiff could perform. Where "the ALJ impermissibly relied on his own medical opinions as to the limitations presented [by claimant's impairments] to develop his factual findings, [those findings are] not supported by substantial evidence. *Williams v. Astrue*, No. 08-30820 (5th Cir. 2009); *see* also *Ripley v. Chater*, 67 F.3d 552, 557-58 (5th Cir. 1995). There is in insufficient evidence in the record to establish, given his limitations, that jobs exist which Plaintiff could perform.

The Commissioner, in response to this argument, states that "Plaintiff's claim that the ALJ's RFC assessment was flawed lacks merit. Because the ALJ's hypothetical question included all of Plaintiff's supported abilities and limitations, the VE's response provides substantial evidence supporting the ALJ's step five decision". *See* Defendant's Brief ("Def. Br.") at 9. Where, as here, the hypothetical questions fail to take into account all of a claimant's limitations, the VE's answers do not constitute substantial evidence to support the ALJ's Step Five determination. *Boyd v. Apfel*, 239 F.3d

698, 707 (5th Cir. 2001). The ALJ's Step Five determination is not supported by substantial evidence because the ALJ failed to include all of Plaintiff's impairments in the hypothetical question posed to the VE. Therefore, the VE's answer cannot constitute substantial evidence.

Therefore, it cannot be said that the ALJ determination at Step Five is supported by substantial evidence contained in this record. The Commissioner has not sustained the burden of proving that there are jobs in significant numbers in the national economy that the Appellant can perform gainfully. *See* 20 C.F.R. 416.920(f). This case should be remanded for proper treatment of the vocational issues in relation to the Plaintiff's RFC. *See* SSR 96-8p, 20 C.F.R. 404.1545 and 20 C.F.R. 416.945. Therefore, a reversal of the Commissioner's decision denying benefits and remand of Plaintiff's claim is necessary. *See Carey v. Apfel*, 230 F.3d 131, 143 (5th Cir. 2000). This error requires a remand; as a result, the remainder of the Plaintiff's claims need not be addressed.

## V. ORDER

In light of the foregoing, it is accordingly ordered that the above-entitled social security action is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) with instructions for further consideration consistent with the findings above.

**So ORDERED and SIGNED this 30th day of September, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE