# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MARK TULOWIECKI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:12-cv-0731-JRG-RSP |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Currently before the Court is Petitioner's Motion for Award of §406b Attorney Fees (Dkt. No. 24). The Commissioner has filed a response declining to assert a position on the reasonableness of the fee but providing a helpful review of the applicable law.

Mr. Tulowiecki, the petitioner in this proceeding, is a 59 year-old man who has been pursuing Social Security disability benefits administratively since 2010. He suffers from chronic low-back pain as a result of accidents in 2001 and 2010, which caused him to be unable to continue his past work as a maintenance man. Before that job he had worked as a school teacher. Following his initial application for disability benefits Petitioner attended a hearing before an Administrative Law Judge in 2011 which resulted in a denial. This action was filed by Petitioner's current counsel in 2012. After briefing, the Court vacated the denial and remanded for further proceedings.

After the remand, Petitioner filed a motion for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, which allows a prevailing party in litigation against the United States, including a petitioner for Social Security benefits, to recover his attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id*. at §2412 (d)(1)(a). The Supreme Court has explained that "EAJA fees

1

are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's 'hourly rate,'" which is currently capped at $196 per hour. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002). *See generally*, *Murkeldove v. Astrue*, 635 F.3d 784, 789 (5th Cir. 2011). The Commissioner did not oppose that request, and the Court awarded a total of $6,510.73, including fees for 34 hours of attorney time and costs of $350.

The motion currently before the Court is not under EAJA, but rather under 42 U.S.C. §406(b)(1)(A) which provides that a Social Security benefits claimant who receives a favorable judgment may be allowed "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Fifth Circuit, along with many others, had held that these fees, like EAJA fees were to be determined by resort to the lodestar method (though not limited to the statutory fee rate in EAJA). *Brown v. Sullivan,* 917 F.2d 189 (5th Cir. 1990). The Supreme Court in *Gisbrecht*, *supra*, overturned those holdings. Justice Ginsburg wrote that the lodestar method was designed for the "amount of fees properly shifted to the loser in the litigation." *Id.* at 1825. Congress considered engrafting the lodestar method into §406, but sought input from the Commissioner, who issued a report finding that, "although the contingency method was hardly flawless, the agency could 'identify no more effective means of ensuring claimant access to attorney representation.'" *Id.* at 1827. Nonetheless, Justice Ginsburg wrote for the Court that "§406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 1828.

In this case, the Commissioner has withheld $40,878.75 from Petitioner's past-due benefits, representing the 25% amount of the contingent fee agreement that Petitioner signed and filed at the beginning of his most recent administrative application. However, counsel is

requesting only $15,878.75 for 34 hours of billable time, which amounts to less than 10% of the recovered past due benefits. On its face, this is a reasonable request. The Commissioner suggests that a request that is less than double the attorney's normal hourly billing rate, which is true of this request, is reasonable.

However, the Court considers a number of other factors as well. First, there was no delay by counsel that caused the past due benefits to be so large. All of the delays were at the administrative level. Second, this was not a case where success was foreordained or easily achieved. Third, counsel for Petitioner is one of a small number of lawyers who are willing to take these cases in this jurisdiction. Most of the cases do not result in success. To further reduce the fee in one of the few that succeeds would make finding counsel for these cases far more difficult, and would frustrate the Congressional intent in allowing the fees. Fourth, the fee is already capped at 25%, and is applied only to past due benefits. Petitioner will likely receive benefits from this representation far exceeding the amount against which counsel's fee has been calculated. In the opinion of the undersigned, Petitioner would have been exceedingly unlikely to have obtained any benefits without counsel. Finally, the remand in this case did not come at an early stage in the representation. Counsel had already performed almost all of the services that were contemplated by the contingent fee agreement. Thus, the Court does not see this case as presenting a windfall for counsel.

Accordingly, the Motion for Award of Attorney Fees is granted and the Commissioner is ordered to release to counsel for Petitioner, from the 25% withheld, the amount of $15,878.75, and to remit the balance to Petitioner. Counsel is directed to refund to Petitioner the amount previously paid to counsel under EAJA.

**SIGNED this 4th day of August, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE