IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARK TULOWIECKI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:12-cv-0731-JRG-RSP |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § § | |

## **MEMORANDUM ORDER**

Currently before the Court is Petitioner's Motion to Enforce Judgment (Dkt. No. 28). The motion asks the Court to invalidate a certain regulation found in the Program Operations Manual System (POMS) of the Social Security Administration. The regulation imposes a registration requirement on an attorney who wants to be paid a fee directly from funds withheld temporarily by the Commissioner from the claimant's past due benefits. Absent such registration, the attorney must seek payment of the fees from his client once the benefits are paid to the claimant.

The fees currently at issue were found to be owed not under the Equal Access to Justice Act (which fees are paid by the U.S. in addition to any past due benefits), but rather under 42 U.S.C. §406(b)(1)(A) which provides that a Social Security benefits claimant who receives a favorable judgment may be allowed "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."

In this case, the Commissioner initially withheld $40,878.75 from Petitioner's past-due benefits, representing 25% of the past due benefits. Petitioner's counsel sought, and was granted, fees in the amount of $15,878.75 based on 34 hours of billable time. Dkt. No. 27. Petitioner does

- 2 -

not refute the Commissioner's representation that counsel either failed or refused, after written notice from the Commissioner, to register for direct payment as required by POMS. Accordingly, the Commissioner returned the entire amount to Petitioner, and directed that counsel obtain his fee from his client.

Petitioner's counsel does not contend that the Commissioner has failed to follow the regulations.  Instead, counsel argues that the regulation is in conflict with the Congressional Act and thus cannot be enforced by this Court.  That argument is simply unpersuasive.  The Act certainly contemplates that the Commissioner will develop procedures to facilitate the determination and payment of attorney's fees directed by the courts.  Nothing is the Act is inconsistent with a requirement of registration as a condition precedent to direct payment of fees.

Accordingly, the Motion to Enforce Judgment (Dkt. No. 28) is DENIED.

**SIGNED this 16th day of November, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE